NO. 07-06-0255-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 15, 2007
_____

FRANCISCO PERALTA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. B2696-0008; HON. ED SELF, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Francisco Peralta filed a notice of appeal from an order revoking his probation. Appellant's retained counsel sought to withdraw claiming his client had failed to meet his obligations pursuant to an employment agreement and failed to pay the expenses for the clerk's and reporter's records as well as a supplemental reporter's record. We abated the appeal for the trial court to determine whether appellant desired to prosecute the appeal and whether he was indigent and entitled to appointed counsel and a free record on

appeal.  After a hearing on November 9, 2006, the trial court made findings that appellant desired to prosecute his appeal, did not wish to have counsel appointed, was not indigent, and would be able to retain counsel within 30 days.  At that hearing, appellant represented he would need 30 days to obtain counsel and  was warned by the trial court that he needed to obtain a lawyer as soon as possible.  We then reinstated the appeal and granted counsel's motion to withdraw.

By letter dated November 21, 2006, we notified appellant that his brief was due 30 days from that date.  On January 3, 2007, we again notified appellant that a brief had not been received and that he had until January 16, 2007 to file one.  On January 16, 2007, appellant requested an extension of the deadline because he was still "looking for an attorney."  On January 17, 2007, we notified appellant that his brief was to  be filed on January 31, 2007, or the appeal would be submitted to the court without briefs.  To date, neither a brief nor any correspondence from appellant or any counsel he may have retained has been received.

When the appellant's brief remains outstanding, the appellant is not indigent, and he has failed to make the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs as justice may require.  TEX. R. APP. P. 38.8(b)(4).  Here, the trial court found appellant was not indigent and that he would make the necessary arrangements for filing his brief.  Nevertheless, he has not done so.

While we believe that no accused should be denied his right of appeal,  justice requires that the exercise of the right to appeal must be held within the framework of the rules of appellate procedure.  *Jones v. State*, No. 14-04-01123-CR, 2005 Tex. App. LEXIS 6410 at *3 (Tex. App.–Houston [14ᵗʰ Dist.] August 11, 2005, no pet.) (not designated for

publication).  Furthermore, requiring any appellant to follow the rules does not infringe upon his right of appeal.  *Id.* at 3-4.  Therefore,  justice requires that this appeal  be determined without a brief.

Having *sua sponte* reviewed the entire appellate record and found no error, we affirm the final judgment of the trial court.  *See id.* (affirming the judgment); *Clark v. State*, No. 10-03-0268-CR, 2005 Tex. App. LEXIS 3085 at *2 (Tex. App.–Waco, April 20, 2005, no pet.) (not designated for publication) (affirming the judgment).


                                        Brian Quinn
                                        Chief Justice

Do not publish.